UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                              |   |                        |
|------------------------------|---|------------------------|
| VEVENIE RICHARDS,            | : |                        |
|     Plaintiff,               | : |                        |
| v.                           | : | No. 3:09-CV-00053 (DJS) |
| GENERAL ELECTRIC COMPANY,    | : |                        |
|     Defendant.               | : |                        |

## MEMORANDUM OF DECISION AND ORDER

The plaintiff, Vevenie Richards, proceeding pro se, brings this action against the defendant, General Electric Company ("GE"), alleging that GE failed to pay her money to which she was entitled pursuant to an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Jurisdiction exists under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)-(f). Now at bar is GE's Motion for Summary Judgment. For the following reasons, the motion (dkt. # 42) is GRANTED.

## I. BACKGROUND[1]

Richards was hired by GE in 1980. In 1981, she became eligible to participate in the General Electric Pension Plan (the "Plan").[2] She participated in the Plan until she stopped

---

[1] Unless otherwise noted, the following is drawn from filings related to the motion at bar.
[2] The Plan is governed by ERISA and administered by GE.

1

working on January 17, 1986.  GE formally terminated her employment on February 10, 1987.

Given the insufficient length of her service, Richards never became entitled to receive monthly pension payments under the Plan.  Upon her termination, however, she was entitled to receive a refund of all her contributions to the Plan plus interest thereon.  In total, she contributed $191.05 to the Plan, which generated $51.88 in interest.

On March 10, 1987, GE issued a check in Richards' name for an amount equal to her total contributions to the Plan plus all interest due and mailed it to her home address.[3]  Richards now alleges that she never received or cashed that check.[4]

On September 3, 2008, Richards brought this action against GE in Connecticut Superior Court, seeking $5,000 in damages plus court costs.  GE subsequently removed the action to this Court, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  GE now moves for summary judgment.

## II. ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides

---

[3] Specifically, GE sent Richards a $240.34 check, representing $191.05 in contributions to the Plan, plus $51.88 in accrued interest thereon, less $2.59 withheld as income tax.

[4] In July 2008, Richards telephoned GE to update her address.  At that time, she had not communicated with GE nor received any correspondence from GE since 1987.  Nonetheless, she appears to have assumed that she would someday receive pension benefits under the Plan.  GE explained that the check issued on March 10, 1987, had fully satisfied its obligation to her under the Plan.  GE has since attempted to obtain a copy of that canceled check from the bank upon which it was drawn, but reports that the bank only retains such records for seven years.

2

that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, on a motion for summary judgment, the Court must "determine whether, as to any material issue, a genuine factual dispute exists." Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248; Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010). The Court must also determine whether the undisputed material facts, if any, entitle the movant to judgment as a matter of law under the controlling substantive standards. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Kaytor, 609 F.3d at 545.

In making these determinations, "the court should review all of the evidence in the record." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000); Kaytor, 609 F.3d at 545. In so doing, "the court must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations[,] weigh the evidence," or

3

otherwise "resolve disputed questions of fact." Reeves, 530 U.S. at 150; Kaytor, 609 F.3d at 545.

Here, GE seeks judgment as a matter of law on three grounds. First, GE argues that Richards' claim is time barred. (Dkt. # 43, pp. 3-5; dkt. # 47, pp. 2-4; dkt. # 53, pp. 3-9.) Second, GE argues that it fulfilled its obligation to Richards under the Plan. (Dkt. # 43, pp. 5-7; dkt. # 47, pp. 1-2.) Third, GE argues that Richards' claim is barred by the doctrine of laches. (Dkt. #53, pp. 3-9.) In response, Richards maintains that she never received the check issued to her on March 10, 1987, and mainly takes issue with GE's current inability to produce a copy of that cancelled check. (Dkt. # 46; dkt. # 48; dkt. # 55.)

Having carefully reviewed all of the evidence in the record, the Court concludes that Richards' claim is time barred. ERISA authorizes civil actions by employee benefit plan participants seeking to recover improperly withheld plan benefits. 29 U.S.C. § 1132; 29 U.S.C. § 1144(a). In such actions, a participant's claim "accrues upon a clear repudiation by the plan that is known, or should be known, to the [participant] — regardless of whether the [participant] has filed a formal application for benefits." Carey v. Int'l Bhd of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 49 (2d Cir. 1999).

Here, Richards seeks to recover a payment which, under the terms of the Plan, she was entitled to receive upon termination of her employment in 1987. (See dkt. # 43-1, p. 13.) She alleges that GE never made that payment, thereby repudiating its obligation to her at the time it arose. Her claim therefore accrued when GE allegedly failed to make the payment required upon termination of her employment, that is, in February 1987.

ERISA does not specify a limitations period for § 1132 actions. Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009). Accordingly, the governing limitations period is that which applies to the most nearly analogous state law cause of action. See id.; Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483-84 (1980). The Second Circuit has long held that state contract actions are most analogous to § 1132 actions. See Burke, 572 F.3d at 78 (applying New York law); Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Emp. Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983) (same). Courts within this District have also reached this conclusion specifically with respect to Connecticut law. See, e.g., Frishberg v. Deloitte & Touche Pension Plan, No. 3:07CV1081, 2008 WL 4000569, at *3 (D. Conn. Aug. 26, 2008); Cole v. Travelers Ins. Co., 208 F. Supp. 2d 248, 252 (D. Conn. 2002).

Richards filed this action in September 2008 — over twenty

5

one years after her claim accrued in February 1987. Under Connecticut law, a breach of contract claim is subject to a six year statute of limitations. Conn. Gen. Stat. § 52-576(a).[5] Accordingly, her claim is time barred, and GE's motion must be granted.

### III. CONCLUSION

For the foregoing reasons, GE's Motion for Summary Judgment **(dkt.# 42)** is **GRANTED**. Judgment in favor of the defendant, General Electric Company, shall enter on all claims in the complaint. The clerk shall close this file.

SO ORDERED this 18th day of August, 2011.

_____/s/DJS_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**

---

[5] Even if some Connecticut cause of action other than breach of contract might be deemed more nearly analogous to Richards' claim, nearly all applicable statutes of limitations would bar her action brought after a twenty one year delay. See Conn. Gen. Stat. §§ 52-575 to 52-598a.

6